IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN PARLANTE,

    Plaintiff,                        No. CIV S-11-1709 JAM DAD PS

    v.

S. BOULANGER, et al.,

    Defendants.               FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is proceeding pro se with a civil rights complaint against two individuals. On July 6, 2011, the court served upon plaintiff at his address of record an order setting status (pretrial scheduling) conference. (Doc. No. 4.) The court's records reflect that on July 13, 2011, plaintiff's copy of the order was returned to the court by the postal service marked "Undeliverable, RTS - Insufficient Address." In a document filed August 18, 2011, counsel for defendant Boulanger informed the court that plaintiff's copy of defendant's July 25, 2011 motion to quash or dismiss was returned to counsel marked "Return to Sender - Insufficient Address." (Doc. No. 8.) Moreover, plaintiff did not appear at the hearing of defendant's motion on August 26, 2011.

        It appears that plaintiff failed to provide the court with his complete address at the commencement of the action or he has failed to comply with Local Rule 182, which requires

1

every party, including any party proceeding in propria persona, to notify the court and all other parties of any change of address. Local Rule 182(f). Absent proper notice of a change of address, service of documents at a party's address of record is fully effective. Id. Failure to comply with the court's rules or with any order of the court may be grounds for imposition by the court of any and all sanctions authorized by statute or rule or within the inherent power of the court. Local Rule 110.

Good cause appearing, IT IS HEREBY ORDERED that the Clerk shall serve this order on plaintiff at his address of record and also c/o Satoko Parlante at 2305 Creekview Dr., Merced, CA 95340; and

IT IS RECOMMENDED that this action be dismissed without prejudice due to plaintiff's failure to provide the court with a complete address at the commencement of the case or his failure to notify the court of a change of address.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-eight days after being served with these findings and recommendations, plaintiff may file and serve written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order regarding the findings and recommendations. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 26, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
ddad1\orders.prose\parlante1709.nca.f&r