IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN PARLANTE,

    Plaintiff,                    No. CIV S-11-1709 JAM DAD PS

    v.

S. BOULANGER, et al.,

    Defendants.             <u>ORDER</u>

_____/

        In findings and recommendations filed August 29, 2011, the undersigned has recommended that this action be dismissed without prejudice due to plaintiff's failure to provide the court with a complete address when he filed the action, or to file a notice of change of address thereafter. (Doc. No. 12.) Plaintiff's copy of the findings and recommendations was returned to the court on September 7, 2011, marked "Undeliverable, unable to forward." (Unnumbered Docket Entry Sept. 7, 2011.) The time for filing objections to those findings and recommendations has expired, and the findings and recommendations have been submitted to the assigned district judge.

        Before the undersigned are three motions – a motion to dismiss and a motion to strike filed by defendant Boulanger, and a motion to quash for insufficient service of process filed by defendant Tomolillo. (Doc. Nos. 13, 15, and 16.) These motions have been noticed for

1

hearing on October 14, 2011. In their replies and declarations filed October 7, 2011, defendants inform the court that all documents served on plaintiff by mail sent to his address of record continue to be returned by the postal service. (Doc. Nos. 20 through 25.) Defendants request that their motions be heard on their merits.

As noted in the court's August 29, 2011 findings and recommendations, Local Rule 182(f) requires every party, including any party proceeding in propria persona, to notify the court and all other parties of any change of address. Local Rule 182(f). Absent proper notice of a change of address, service of documents at a party's address of record is fully effective. Id. Failure to comply with the court's rules or with any order of the court may be grounds for imposition by the court of any and all sanctions authorized by statute or rule or within the inherent power of the court. Local Rule 110. Defendants are advised that, in addition, Local Rule 183(b) provides as follows:

> **Address Changes.** A party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff ails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

Local Rule 183(b).

Here, more than 63 days have passed since plaintiff's copy of the court's Order Setting Status (Pretrial Scheduling) Conference was returned to the court by the U.S. Postal Service on July 13, 2011, and plaintiff has not notified the court and opposing parties of a current address. Thus, it is appropriate for the Court to dismiss this action without prejudice for failure to prosecute. As a practical matter, such a dismissal may occur before the undersigned can hear defendants' motions, issue findings and recommendations, wait for expiration of the time for filing objections, and submit the findings and recommendations to the assigned district judge. Moreover, considering defendants' motions on their merits appears to be inconsistent with Local Rule 183(b).

Accordingly, IT IS HEREBY ORDERED that the hearing of defendants' motion to dismiss (Doc. No. 13), motion to strike (Doc. No. 15), and motion to quash for insufficient service of process (Doc. No. 16) is vacated, and these motions are dropped from the court's October 14, 2011 law and motion calendar.  The motions may be re-noticed if this case is not dismissed by the assigned district judge for lack of prosecution.

DATED: October 7, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
ddad1\orders.prose\parlante1709.ord.vac.hrg